JOSEPH BRADSTREET and others *vs.* ABRAM RICH, JUNIOR.

Kennebec.    Opinion May 23, 1881.

*Evidence.*

R contracted in writing to sell F ten thousand tons of ice at two dollars and fifty cents per ton. B and others, wrote and signed upon the back of a copy of this contract the words following: "We, the undersigned, hereby agree to furnish to . . . [R] three thousand tons of ice (3000 tons) per the within contract."

*Held:* In an action of assumpsit by B and others, against R for three thousand tons of ice claimed to have been delivered in pursuance of this agreement, that parol evidence was admissible to prove that R under an understanding or agreement with the plaintiffs, made the contract with F in his own name, they to have an interest in it; also to prove that the plaintiffs agreed after the contract with F was made, and before and at the time of making the contract between the parties to the suit, to take an interest in the F contract to the extent of three thousand tons and to rely for payment upon F as specified in the contract between R and F.

ON EXCEPTIONS and motion to set aside the verdict.

Assumpsit for three thousand tons of ice claimed to have been delivered to the defendant by the plaintiffs in pursuance of a contract the material portion of which is given below:

(Contract.)

"This memorandum of agreement, made this sixth day of May, eighteen hundred and seventy-six (1876), by and between Abraham Rich, Jr. of Gardiner, Maine, of the first part, and Hixon W. Field, Jr. of New York, N. Y. party of the second part, witnesseth as follows:

"First. The party of the first part, for and in consideration of one dollar, to him in hand paid, the receipt whereof is hereby acknowledged, and also of the covenants and agreements hereinafter mentioned to be kept and performed by the party of the second part, doth covenant and agree to sell, and does hereby sell, to the party of the second part, ten thousand tons of river ice, said ice to be of good merchantable quality, not less than twelve inches in thickness, according to the usual custom of such measurement in the ice business on the Kennebec river, at the

price of two dollars and fifty cents ($2.50) per ton of two thousand pounds (2000 lbs.) delivered free on board of the vessel or vessels at the place of loading on the Kennebec river or vicinity, and securely and properly dunnaged as customary for shipments of ice from the Kennebec river to the port of New York. Said ice to be all delivered to the vessels sent by the party of the second part, to receive the same during the months of July and August of the year aforesaid, at an average rate of not less than two hundred tons each day that vessels are in the berth at the loading place ready to receive ice (Sundays and rainy days excepted.)

"Second. The party of the second part for himself does hereby purchase and agree to receive the said ice in the quantity and manner as aforesaid, and to pay for the same upon presentation of a sight draft, with bill of lading and weigher's certificate attached thereto. Said payment to be made upon the quantity expressed in said bill of lading and weigher's certificate.

    \*      \*      \*      \*      \*      \*      \*

"In witness whereof they have hereunto set their hands and seals the day and year first above written.

| | | |
|---|---|---|
| S. P. Dean. | ABRAM RICH, JR. | [Seal.] |
| Wm. E. Barnes. | HIXON A. FIELD, JR. | [Seal.] |

(Indorsement on margin.)

"This is a true copy of the original agreement in our possession.
Chase, Talbot & Co."

New York, May 6, 1876."

(Indorsement on back.)

We, the undersigned, hereby agree to furnish to A. Rich, Jr. three thousand tons of ice (3000 tons), per the within contract.

JOSEPH BRADSTREET.
L. D. COOK.
P. G. BRADSTREET.
F. STEVENS."

Gardiner, May 15, 1876."

Other material facts appear in the opinion.

Verdict was for plaintiffs for $6043.90.

*Joseph Baker* and *L. Clay*, for the plaintiffs.

Perhaps the word "per" in the contract between the parties to this suit is not the most accurate word to express the meaning between the parties, but no one can doubt that the true meaning was to furnish to Rich, not to Field, three thousand tons of ice on the terms and conditions contained in his contract with Field. The reference to the Field contract makes that a part of this one, the same as if they had written it out in full, *mutatis mutandis.* So that in legal effect the plaintiffs agreed to furnish to the defendant :

1. Three thousand tons of river ice of merchantable quality not less than twelve inches thick.

2. The price was to be $2.50 per ton of two thousand pounds.

3. It was to be delivered free on board, &c.

4. Payment was to be made by defendant on sight drafts accompanied by the bills of lading.

It is argued that the contract between the plaintiffs and defendant is incomplete and, therefore, could be supplemented by extrinsic evidence. Without denying the law as claimed, we deny the fact and hold that the contract is complete in every point. The defendant's argument on this point ignores the well established rule of law that a reference to another writing makes it a part of the contract. *McLellan* v. *Bank*, 24 Maine, 566.

The parol evidence offered was rightly excluded because it tended to vary or contradict the written contract, not to explain an ambiguity. 1 Greenl. Ev. § § 275, 277, 297, 298 ; *Bigelow* v. *Collamore*, 5 Cush. 226 ; *Gould* v. *Norfolk Lead Co.* 9 Cush. 338 ; *Smith* v. *Morrill*, 54 Maine, 48 ; 2 Wharton's Ev. § § 956, 957.

*W. P. Whitehouse* and *Herbert M. Heath*, for the defendant, cited : 1 Chitty, Contr. 149 ; 2 Whar. Ev. § § 956, 937–941 ; *Patten* v. *Pearson*, 57 Maine, 428 ; *Chicago* v. *Sheldon*, 9 Wall. 50 ; *Knight* v. *Worsted Co.* 2 Cush. 283 ; *Gray* v. *Harper*, 1 Story, 574 ; *Thorington* v. *Smith*, 8 Wall. 1 ; *Hogins* v. *Plympton*, 11 Pick. 97 ; *Miller* v. *Stevens*, 100 Mass. 522 ; *Grant* v. *Lathrop*, 23 N. H. 67 ; *Lowry* v. *Adams*, 22 Vt. 160 ; *Higgins* v. *Senior*, 8 Mees. & W. 834 ; *Lerned* v. *Johns*, 9 Allen, 420 ; Whar. Agency, § 296 ; *Huntington* v. *Knox*, 7 Cush. 374 ;

2 Whar. Ev. § § 1015, 1026 ; Stephens Ev. Art. 90 ; *Fusting* v. *Sullivan*, 41 Md. 169.

WALTON, J. The principal question is in relation to the admissibility of evidence. The defendant had contracted in writing to sell to Hixon W. Field of New York, ten thousand tons of ice at $2.50 per ton. The plaintiffs wrote upon the back of a copy of this contract the words following :

"We, the undersigned, hereby agree to furnish to A. Rich, Jr. three thousand tons of ice (3000 tons) per the within contract."

This writing is signed by the plaintiffs, and is dated May 15, 1876. This action is to recover for ice claimed to have been delivered in pursuance of this agreement. The form of the action is general *indebitatus assumpsit* upon an account annexed to the writ.

The exceptions state that the defendant's counsel offered to prove by parol evidence that the defendant, under an understanding or agreement with the plaintiffs, took the Field contract in his own name, they to have an interest in it ; also to prove by parol evidence that the plaintiffs agreed after the contract was made with Field by the defendant, and before and at the time of making the contract between the parties to the suit, to take an interest in the Field contract to the extent of three thousand tons, and to rely for payment upon Field, as specified in the written contract.

The evidence was objected to and excluded. We think it should have been received. In no way would it have varied or contradicted the writing signed by the plaintiffs. That writing contained one side of the contract only. It contained a promise by the plaintiffs, but none by the defendant. In support of their action the plaintiffs must have relied upon an implied promise. The case shows that they neither proved nor attempted to prove an express one. When, in support of an action of assumpsit, the plaintiff relies upon an implied promise, can there be any doubt that the defendant may repel the implication by parol evidence of an express promise, accepted by the plaintiff, which is inconsistent with the one implied by law? We do not say such would be the law if the plaintiffs had obtained from the defendant an

express written promise on which they relied in support of their action. But such is not the fact. They had no written promise from the defendant. To make out a *prima facie* case they were themselves obliged to rely upon parol evidence. The first step taken in the trial was to call one of the plaintiffs, and have him testify that the defendant was the party with whom they dealt, and to whom they delivered their ice, apparently intending thereby to lay the foundation for an implied promise, which would, *prima facie*, support their action. Under these circumstances we cannot doubt that it was competent for the defendant to prove by parol evidence what his exact promise was, and to show, if he could, that it was contingent; that it was dependent upon whether or not he should collect his pay of Field ; that the plaintiffs were to share the risks as well as the benefits of his contract; that they were to rely upon Field's ability to pay for the ice which they should furnish, as the defendant would be obliged to do for the ice which he should furnish. Such an agreement is not improbable. The plaintiffs were to receive for their ice the full price paid by Field. The defendant would receive no profit upon it. Why, then, should he insure their pay? Of course it would be competent for him to do so. But looking at the transaction in the light of what is probable and what is improbable, it seems as if such could hardly have been the fact. But all we mean to say is that a different understanding, such an understanding or agreement as the defendant offered to prove, is by no means improbable, or in conflict with any writing signed by the defendant ; or, in conflict, even, with the writing which the plaintiffs signed. We think the evidence should have been received. We do not rest our decision upon the ground that the evidence was admissible to explain any supposed ambiguity in what was written. We hold that it was admissible to supply important facts in relation to which the writing was entirely silent. Admitted for such a purpose, the rule excluding parol evidence to vary or contradict written documents would not be infringed. The evidence would in no way vary or contradict any thing that was written. *Davenport* v. *Mason*, 15 Mass. 85 ; *Pierce* v. *Woodward*, 6 Pick. 206 ; *Hogins* v. *Plympton*, 11 Pick. 97 ; *Tisdale*

v. *Harris*, 20 Pick. 9; *Kinney* v. *Whiton*, 44 Conn. 262; *Lindley* v. *Lacey*, 17 C. B. (N. S.) (112 E. C. L.) 578; 1 Gr. Ev. § 284, *a.*; Stephen on Ev. Art. 90, (2).

*Exceptions sustained. New trial granted.*

APPLETON, C. J., BARROWS, DANFORTH, PETERS and SYMONDS, JJ., concurred.